# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WILBURN T. PREECE, JR.,**
**Claimant Below, Petitioner**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-446**          (JCN: 2022017976)

**KERMIT VOLUNTEER FIRE DEPARTMENT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wilburn T. Preece, Jr., appeals the September 11, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Kermit Volunteer Fire Department, Inc., ("KVFD") filed a response.[1] Mr. Preece did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2014, Mr. Preece began working as fire chief full-time for the KVFD. In a previous claim, Mr. Preece was granted a 17.5% PPD award in 2015 for occupational hearing loss related to his employment with another employer for whom he worked as a coal miner. Mr. Preece filed an Employees' and Physicians' Report of Occupational Hearing Loss dated August 25, 2020; indicating that he has occupational hearing loss due to noise exposure related to his employment at KVFD. On March 9, 2022, the claim administrator issued an order denying Mr. Preece's application for benefits due to a finding that he was not exposed to hazardous noise in the course of and resulting from his employment at KVFD. Mr. Preece protested this order.

Mr. Preece was deposed on May 13, 2022. Mr. Preece indicated that his job as fire chief required him to be at the fire station on a daily basis. Mr. Preece testified that he answered 90% of the calls received by the fire department and that during the calls he would be exposed to loud noise from the sirens. Mr. Preece further testified that the fire

---

[1] Mr. Preece is represented by Donald C. Wandling, Esq. KVFD is represented by Jeffrey M. Carder, Esq.

department answers between 300 and 500 calls each year and that answering a call could take between twenty and thirty minutes wherein he would be exposed to the noise from the engine and siren.

Mr. Preece was evaluated by David Phillips, M.D., who drafted a report dated December 14, 2022. Dr. Phillips found that Mr. Preece had a total of 22% whole person impairment ("WPI") related to hearing loss. Dr. Phillips noted that Mr. Preece has a medical history of diabetes, hypertension, and elevated cholesterol, all of which can contribute to progressive hearing loss. Thus, Dr. Phillips attributed 17.5% of Mr. Preece's hearing loss to prior mining occupational noise exposure and 4.5% to nonoccupational factors. Dr. Philips did not acknowledge Mr. Preece's employment at KVFD or opine about any potential impairment related to noise exposure from KVFD.

On March 29, 2023, Mr. Preece was examined by Joseph Touma, M.D. Dr. Touma found that Mr. Preece had a total of 23% WPI for hearing loss related to occupational noise exposure. Dr. Touma's report indicates that adjustments were made for non-noise related impairment, but the report does not give any further details regarding those adjustments. Dr. Touma opined that Mr. Preece's worsening hearing loss "may" be due to subsequent noise exposure from his new work environment with KVFD. Dr. Touma further opined that Mr. Preece had no preexisting conditions that could have contributed to his progressive hearing loss.

On September 11, 2023, the Board affirmed the claim administrator's order denying Mr. Preece's application for benefits. The Board found that Mr. Preece failed to establish that any progression of his hearing loss was due to occupational noise exposure. Mr. Preece now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Preece argues that the Board erred in finding that Dr. Phillips' report was more persuasive than Dr. Touma's report when Dr. Phillips failed to offer an opinion on Mr. Preece's job as fire chief, concluding that Mr. Preece was last exposed to significant workplace noise in 2015 when he ceased working as a miner. Further, Mr. Preece argues that Dr. Touma's report should have been found more persuasive because he considered both occupational and non-occupational factors in his report and stated that his opinion was to a reasonable degree on medical probability.

Here, the Board found that Mr. Preece failed to establish that his job as fire chief caused additional hearing loss. The Board further found that Dr. Touma's report was not persuasive because he did not sufficiently consider whether Mr. Preece's progressive hearing loss was due to causes other than occuational noise exposure. The Board noted that Dr. Touma opined that Mr. Preece's additional hearing loss may be due to subsequent occupational noise exposure, not that it was the cause.

Upon review, we cannot conclude that the Board was clearly wrong in finding that Mr. Preece failed to establish that his job as fire chief has caused additional hearing loss. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim.

Dr. Phillips' report did not address Mr. Preece's job as fire chief and whether there was exposure to hazardous levels of noise in the course of his employment with KVFD. In fact, Dr. Phillips did not even acknowledge that Mr. Preece was working as a fire chief or consider whether that could cause additional hearing loss. However, we cannot find that the Board was clearly wrong in finding that Dr. Touma's report was insufficient to establish that Mr. Preece's occupation has caused further hearing loss. While Dr. Touma did mention both occupational and non-occupational factors, we agree with the Board that he did not adequately consider whether Mr. Preece's hearing loss progression is due to non-occupational factors. As Mr. Preece had the burden to prove by a preponderance of evidence that the progression of his hearing loss was attributable to occupational noise exposure, we find that the Board was not clearly wrong in its ultimate conclusion that Mr. Preece failed to do so.

Accordingly, we affirm the Board's September 11, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear